**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR HERNANDEZ; MATILDE VELAZQUEZ DE HERNANDEZ, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-71024 <br><br> Agency Nos. A076-674-321 <br> A076-674-413 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2012[**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Cesar Hernandez and Matilde Velazquez De Hernandez, natives and citizens

of Mexico, petition for review of an order of the Board of Immigration Appeals

("BIA") denying their motion to reopen alleging ineffective assistance of counsel.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the BIA's denial of a motion to reopen and review de novo claims of ineffective assistance of counsel. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion by denying petitioners' motion to reopen for failure to establish prejudice, where petitioners did not present evidence that any additional affidavits or testimony that their first two attorneys had allegedly failed to introduce would have reconciled petitioners' vague and inconsistent testimony asserting that they possessed the ten years of continuous physical presence required for cancellation of removal, *see id.* at 793-94 ("[P]rejudice results when the performance of counsel was so inadequate that it may have affected the outcome of the proceedings." (citation and internal quotation marks omitted)). The BIA also did not apply an incorrect legal standard for assessing prejudice by requiring petitioners to identify objective, material evidence of their physical presence that their first two former attorneys allegedly failed to introduce at the removal hearing. *See Ortiz v. INS*, 179 F.3d 1148, 1153-54 (9th Cir. 1999) (rejecting a claim of ineffective assistance of counsel for failure to establish prejudice where the petitioners did not explain what testimonial evidence their attorney allegedly should have elicited during their removal hearing).

Finally, the BIA did not improperly fail to consider petitioners' claim that their third attorney was ineffective by not timely filing a motion to reopen alleging ineffective assistance from petitioners' first two attorneys, because this issue was immaterial to the disposition of petitioners' request for reopening. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("[C]ourts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

In light of our disposition, we decline to address whether petitioners' former attorneys' performance was ineffective. *See Mendez-Alcaraz v. Gonzales*, 464 F.3d 842, 844 (9th Cir. 2006) (declining to reach nondispositive challenges to a BIA order).

**PETITION FOR REVIEW DENIED.**